IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GERALD A. WILMER, | § | |
| | § | No. 628, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 9603002509 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 21, 2016
Decided: April 5, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## O R D E R

This 5th day of April 2016, upon consideration of the appellant's opening brief, the State of Delaware's motion to affirm under Supreme Court Rule 25(a), and the appellant's "motion for leave of the court" to respond to the motion to affirm, it appears to the Court that:

(1)  In 1997, the appellant, Gerald A. Wilmer, was tried, convicted, and sentenced, on one count of Unlawful Sexual Intercourse in the First Degree. On direct appeal, this Court affirmed the conviction and sentence,[1] and in 2002, the Superior Court denied Wilmer's first motion for postconviction relief under

---

[1] *Wilmer v. State*, 1998 WL 123200 (Del. Mar. 6, 1998).

Superior Court Criminal Rule 61. Wilmer did not appeal the denial of postconviction relief.

(2) This appeal is from the denial of Wilmer's ninth motion for postconviction relief under Rule 61.[2] The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Wilmer's opening brief that the appeal is without merit. Wilmer has requested permission to respond to the State's motion.

(3) Wilmer was indicted in 1996 on one count of Unlawful Sexual Intercourse in the First Degree, for having intentionally engaged in non-consensual sexual intercourse with a mentally handicapped seventeen-year-old girl, and three counts of Unlawful Sexual Contact in the Third Degree, for having intentionally touched the girl's breasts, buttocks, and vagina. The 1996 indictment was replaced in 1997 by a reindictment, which amended the date of the offenses from "August 1995" to "July 1995."

(4) On the first day of trial, the Superior Court dismissed the counts of unlawful sexual contact because the charges omitted an element of the offense, *i.e.*, that the contact occurred "without the victim's consent."[3] Nonetheless, the court determined that the evidence associated with the dismissed charges was admissible

---

[2] *State v. Wilmer*, 2015 WL 64387852 (Del. Super. Oct. 21, 2015).

[3] 11 *Del. C.* § 767.

2

for other purposes because it was "part and parcel of" the alleged conduct forming the basis of the charged offense of unlawful sexual intercourse.[4]

(5) At the conclusion of the three-day trial, the jury convicted Wilmer of Unlawful Sexual Intercourse in the First Degree, and on September 12, 1997, the Superior Court sentenced Wilmer to thirty years at Level V suspended after twenty-five years for decreasing levels of supervision. Wilmer filed a direct appeal, arguing that there was insufficient evidence to sustain the conviction. The Court denied the argument as without merit and affirmed the conviction and sentence.[5]

(6) For his first motion for postconviction relief under Rule 61, Wilmer retained the assistance of private counsel. The timely-filed motion alleged that Wilmer's trial counsel was ineffective. After responsive pleadings, an evidentiary hearing, and post-hearing memoranda, the Superior Court issued a decision on April 16, 2002, denying the motion as without merit. Wilmer did not appeal the decision.

(7) In his second motion for postconviction relief, which he filed as a *pro se* litigant, Wilmer alleged overlapping claims of ineffective assistance of

---

[4] Trial Tr. at 6-7 (July 22, 1997). *See* Del. R. Evid. 404(b) ("Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.").

[5] *Supra* note 1.

3

postconviction counsel, vindictive prosecution, judicial misconduct, and double jeopardy violations, all based on an underlying claim that the Superior Court was without jurisdiction to try him on the charges in the reindictment. After responsive pleadings from Wilmer's postconviction counsel and counsel for the State, the Superior Court denied the ineffective counsel claim as without merit, denied the other claims as barred under Rule 61(i)(1) and (2), and ruled that the Rule 61(i)(5) exception to the bars did not apply because the claims were without merit.[6] On appeal, this Court affirmed the Superior Court's judgment.[7]

(8) Wilmer's third motion for postconviction relief raised many of the claims alleged in his second motion for postconviction relief. Wilmer also claimed ineffective assistance of trial counsel, which was previously raised in his first postconviction motion, and insufficient evidence, which was previously raised on direct appeal. Following the State's response to Wilmer's second postconviction motion, the Superior Court denied the motion as repetitive under Rule 61(i)(2), formerly adjudicated under Rule 61(i)(4), and determined that further review was

---

[6] *State v. Wilmer*, 2003 WL 751181 (Del. Super. Mar. 12, 2003). *See* Del. Super. Ct. Crim. R. 61(i)(1) (2002) (barring postconviction motion filed more than three years after the judgment of conviction is final) (amended 2005 to reduce filing period to one year); R. 61(i)(2) (2013) (barring any ground for relief not asserted in a prior postconviction motion); *id.* at (i)(5) (providing that bars to relief in (i)(1) through (i)(3) did not apply "to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction").

[7] *Wilmer v. State*, 2003 WL 21519871 (Del. July 3, 2003).

not warranted under exceptions to the procedural bars.[8]  On appeal, this Court affirmed the Superior Court's judgment.[9]

(9)    In his fourth motion for postconviction relief, Wilmer alleged again that his trial counsel was ineffective, and that his reindictment, trial, conviction, and sentence, violated principles of double jeopardy.  After the State filed a response to the motion, the Superior Court denied the motion as procedurally barred under various subsections of Rule 61(i) and determined that further review was not warranted.  On appeal, this Court affirmed the Superior Court's judgment.[10]

(10)  In his fifth motion for postconviction relief, Wilmer asked the Superior Court to reconsider its prior orders (and this Court's orders) denying his ineffective assistance of counsel claim.  Wilmer also challenged the trial judge's ruling on the admissibility of the evidence associated with the dismissed charges of unlawful sexual contact.  A Superior Court Commissioner considered the motion and issued a report recommending that the motion should be summarily dismissed because it raised "conclusory allegations without support in the record" and was barred under Rule 61(i).  Wilmer appealed the report and recommendation to this

---

[8] R. 61(i)(2), (i)(5) (2013); *id.* at (i)(4) (barring formerly adjudicated claim unless reconsideration is warranted in the interest of justice).

[9] *Wilmer v. State*, 2006 WL 2787487 (Del. Sept. 26, 2006).

[10] *Wilmer v. State*, 2008 WL 2955861 (Del. Aug. 4, 2008).

Court, and the appeal was dismissed.[11] Wilmer did not appeal the Superior Court's order adopting the Commissioner's report and recommendation and denying the postconviction motion.

(11) Wilmer's sixth motion for postconviction relief continued to raise claims previously raised and rejected in his prior motions, including invalid reindictment, ineffective trial counsel, error in the evidentiary ruling on the admissibility of certain evidence, and prosecutorial misconduct. A Commissioner issued a report recommending that the motion should be summarily dismissed as procedurally barred. The Superior Court adopted the report and recommendation and denied the postconviction motion, and on appeal, this Court affirmed.[12]

(12) In 2011, Wilmer turned to Superior Court Criminal Rule 35 for relief,[13] claiming that an amended sentence order dated April 2, 1998, proved that the reindictment was defective and that he was tried in violation of double jeopardy principles.[14] The Superior Court denied the Rule 35 motion, Wilmer appealed, and this Court affirmed the judgment.[15]

---

[11] *Wilmer v. State*, 2009 WL 696400 (Del. Mar. 18, 2009) ("This Court does not have the authority to hear an appeal directly from a Superior Court Commissioner without intermediate review by a Superior Court judge.")

[12] *Wilmer v. State*, 2010 WL 3860657 (Del. Oct. 4, 2010).

[13] Del. Super. Ct. Crim. R. 35 (governing correction or reduction of sentence).

[14] *See* docket at 59, *State v. Wilmer*, Del. Super., Cr. ID No. 9603002509 (April 2, 1998) (amended sentence order correcting charge numbers).

[15] *Wilmer v. State*, 2011 WL 1413305 (Del. April 12, 2012).

6

(13) Wilmer next sought relief in petitions for habeas corpus relief, claiming that he was being illegally detained because the Superior Court lacked the authority to try, convict and sentence him. The Superior Court denied the petitions, ruling that Wilmer's claims were not properly granted through a writ of habeas corpus, and that his detention was legal.[16] Wilmer did not appeal either of the orders.

(14) Wilmer's seventh and eighth motions for postconviction relief continued to raise claims of ineffective assistance of trial counsel, prosecutorial misconduct, and double jeopardy violations, and his eighth postconviction motion requested the appointment of counsel to pursue postconviction relief because his prior postconviction counsel was ineffective. The Superior Court summarily dismissed the seventh and eighth motions for postconviction relief and denied Wilmer's request for the appointment of counsel.[17] Wilmer's appeal from the denial of his seventh postconviction motion was dismissed as untimely,[18] and the denial of his eighth postconviction motion was affirmed.[19]

---

[16] *See accord* R. 61(a)(2) ("The remedy afforded by this rule may not be sought by a petition for a writ of habeas corpus or in any manner other than as provided herein.").

[17] *See State v. Wilmer*, 2013 WL 4828743 (Del. Super. Aug. 2, 2013) (dismissing seventh motion for postconviction relief); *State v. Wilmer*, 2014 WL 603257 (Del. Super. Jan. 31, 2014) (denying motion for appointment of counsel and dismissing eighth motion for postconviction relief).

[18] *Wilmer v. State*, 2013 WL 5407222 (Del. Sept. 23, 2013).

[19] *Wilmer v. State*, 2014 WL 2601614 (Del. June 9, 2014).

(15) Wilmer next filed a Rule 35 motion seeking credit for time served from April 29, 1996, the date of his original indictment, until April 8, 1998, the date the State submitted a formal notice of *nolle prosequi* on the charges in the indictment.[20] The Superior Court denied the motion as untimely under Rule 35(b).[21] On appeal, Wilmer asked this Court to look past the Rule 35(b) time limitation and reduce his sentence by two years. The Court declined, noting that credit for time served was unwarranted because Wilmer was sentenced effective April 6, 1996.[22] Also, the Court noted that Wilmer's Rule 35 motion had raised claims challenging the legality of his conviction, and that such claims could only be brought under Rule 61.[23] When affirming the denial of the Rule 35 motion, the Court admonished Wilmer, stating that he "'cannot continue to litigate previously decided issues by changing the number of the Superior Court rule under which he seeks postconviction relief.'"[24]

(16) Wilmer's ninth motion for postconviction relief, filed in July 2015, alleged that the trial ruling regarding the admissibility of certain evidence violated his right of due process and deprived the Superior Court of jurisdiction to try him

---

[20] *See* docket at 60, *State v. Wilmer*, Cr. ID No. 9603002509 (April 8, 1998) ("nolle prosequi filed by attorney general").

[21] R. 35(b) (providing that a motion for reduction of sentence must be filed within ninety days of sentencing).

[22] *Wilmer v. State*, 2015 WL 3818939 (Del. June 16, 2015).

[23] *Id.*

[24] *Id.* (quoting *Brittingham v. State*, 705 A.2d 577, 579 (Del. 1998)).

for unlawful sexual intercourse in the first degree. Wilmer also raised claims of ineffective assistance of trial counsel. By order dated October 21, 2015, the Superior Court summarily dismissed the motion after concluding that Wilmer had not overcome the procedural hurdles of Rule 61(d)(2).[25] This appeal followed.

(17) Wilmer has filed a motion seeking leave to respond to the State's motion to affirm. Rule 25(a) provides that "[t]here shall be no briefing, argument or response to [a motion to affirm], unless requested by the Court."[26] The Court has not requested a response to the motion to affirm in this case and finds no reason to request a response after considering Wilmer's motion.

(18) We review the denial of postconviction relief under Rule 61 for abuse of discretion and consider questions of law *de novo.*[27] Also, the Court "applies the rules governing procedural requirements before giving consideration to the merits of the underlying claim for postconviction relief."[28]

---

[25] *Supra* note 2. *See* R. 61(d)(2) (effective June 2014) (providing that any second or subsequent postconviction motion under Rule 61 "shall be summarily dismissed unless the movant was convicted after a trial and the motion either: (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid").

[26] Del. Supr. Ct. R. 25(a).

[27] *Dawson v. State,* 673 A.2d 1186, 1190 (Del. 1996).

[28] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

(19) On appeal, as in the Superior Court, Wilmer has not overcome the procedural hurdles of Rule 61(d)(2) because he has not pled with particularity a claim that new evidence exists that creates a strong inference that he is actually innocent of unlawful sexual intercourse in the first degree or a claim that a new rule of constitutional law made retroactive to cases on collateral review renders his conviction invalid.[29] For this reason, the Court concludes that the Superior Court did not err when summarily dismissing Wilmer's ninth motion for postconviction relief.

(20) Wilmer has spent the past fifteen years challenging his criminal conviction in nine postconviction motions under Rule 61, two motions to correct or reduce his sentence under Rule 35, and two petitions for writs of habeas corpus.[30] Wilmer has repeatedly argued his unsuccessful claims for postconviction relief in an effort to invoke exceptions to the applicable time and procedural bars. Having now affirmed the denial of Wilmer's ninth motion for postconviction relief, the Court finds that Wilmer's fifteen-year pattern of raising formerly adjudicated

---

[29] R. 61(d)(2) (effective June 2014).

[30] Wilmer has also sought relief in the federal district court without success. *See Wilmer v. Carroll*, 2005 WL 3338556 (Del. D. Ct. Dec. 8, 2005) (denying habeas corpus petition raising claims of vindictive prosecution, prosecutorial misconduct, judicial misconduct, perjured testimony, double jeopardy, ineffective assistance of trial counsel, ineffective assistance of postconviction counsel, and improper denial of second state postconviction motion); *Wilmer v. Carroll*, 2006 WL 2346380 (D. Del. Jan. 24, 2006) (denying motion for reconsideration of order denying habeas corpus petition); *Wilmer v. Delaware Supreme Court*, 2013 WL 5461844 (D. Del. Oct. 1, 2013) (denying leave to proceed *in forma pauperis* to pursue mandamus relief).

claims in untimely and repetitive motions under Rules 61 and 35, and in habeas corpus petitions without a factual or legal basis, constitutes an abuse of the judicial process.

(21) The Court will not continue to invest scarce judicial resources to address Wilmer's untimely and repetitive claims. In the future, unless leave to proceed is granted by the Court, Wilmer is enjoined from proceeding in this Court on any claim related to his 1997 conviction and sentence.[31] Any request by Wilmer to invoke the Court's appellate or original jurisdiction in any matter concerning his 1997 conviction and sentence must be accompanied by a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e).[32]

NOW, THEREFORE, IT IS ORDERED that the "motion for leave of the court" to file a response to the motion to affirm is DENIED. The motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[31] *See* 10 *Del. C.* § 8803(e) (enjoining litigant found to have abused the judicial process from filing future claims without leave of court).

[32] *Id.* (listing requirements of affidavit of certification that must accompany any request to file a claim).